IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SK NEXILIS CO., LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-cv-00539-JRG-RSP |
| | § | |
| SOLUS ADVANCED MATERIALS CO., LTD. *et al.* | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Transfer Venue Under 28 U.S.C. § 1404(a) filed by Defendants Volta Energy Solutions S.A.R.L., Volta Energy Solutions Europe KFT., Volta Energy Solution Hungary KFT., and Solus Advanced Materials Co., Ltd. **Dkt. No. 33.** Defendants seek to transfer this case to the Northern District of California, or in the alternative, to the Western District of Texas.[1] The Court addresses both alternative venues and finds that Defendants have failed to carry their burden to show that either is clearly more convenient. Therefore, the Court **DENIES** the Motion

    **I.    Law**

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202–03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses

---

[1] On May 2, 2025. Defendants filed an Opposed Motion for Hearing regarding their Motion to Transfer. Dkt. No. 99. Because the Court decides that Motion on the papers, the Court **DENIES** the Motion for Hearing as moot.

subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. *See Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

Regarding the propriety of venue specifically, the Judicial Code provides that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" for domestic corporations and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Foreign defendants str subject to suit in any judicial district that has personal jurisdiction over it. 28 U.S.C. § 1391(c)(3); *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 709–10 (1972)); *In re HTC Corp.*, 889 F.3d 1349, 1356–61 (Fed. Cir. 2018)); *see also TC Heartland,* 581 U.S. at 268 n.2 (reserving question of patent venue statute's applicability to foreign corporations).

Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Three elements must be met in order to establish that a defendant has a regular and established place of business in the district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Once the moving party has established that the instant case could have been brought in the

transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

"It is the movant's burden—and the movant's alone—to adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (citing *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)). "[S]howing "good cause" requires the movant to "clearly demonstrate" that its chosen venue is "clearly more convenient." *Id.* (internal citations and quotations omitted). That standard is not met if the movant merely shows that the transferee venue is more likely than not to be more convenient. *Id.* (internal citations and quotations omitted). Likewise, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer. *Id.* (internal citations and quotations omitted). "[T]o establish good cause, a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Id.* (emphasis in original).

In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. *See Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II. Analysis

### A. NDCA

*In re Clarke* shows that motion to transfer under 1404(a) carries a substantial burden. *See generally*, *In re Clarke*, 94 F.4th 502. Here, Defendants have failed to meet that burden.

#### 1. Propriety of the Transferee Forum

Defendants argue that Plaintiff could have brought this suit in NDCA because all of the jurisdictional and venue requirements are met there. Dkt. No. 33 at 5. Plaintiff does not dispute this. Dkt. No. 51. The Court agrees and thus finds that this threshold inquiry is met.

#### 2. Balancing the Private and Public Interest Factors

The Fifth Circuit directs courts to avoid a mere tallying of the factors in resolving this dispute. *See In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013) ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."). To that end, the Court considers not only each factor's outcome but also its weight to determine whether the actual convenience of the proposed transferee forum is "clearly more convenient" than that of this

4

district. *In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 310 (5th Cir. 2024) (quoting *In re Clarke*, 94 F.4th at 508).

### i. Private Interest Factors

#### a. Ease of Access to Sources of Proof

Defendants argue that there are no sources of proof in EDTX. Dkt. No. 33 at 6. On the other hand, Defendants point to evidence in NDCA related to Defendants' contact with their only U.S. customer, Tesla. *Id.* Defendants assert that all of their other relevant documents are either in Europe, where the accused products are developed, made, and sold, or in South Korea, where Solus is located. *Id.* at 7. Defendants' declaration states that "[a]ll of Volta's relevant documents are outside of the U.S., primarily in Hungary and Luxembourg. . . ." Dkt. No. 33-1 at ¶ 6.

Plaintiff responds that Defendants' reliance on Tesla is misplaced. Dkt. No. 51 at 5. Tesla is not a defendant in this case and Plaintiff does not accuse Tesla of infringement. Thus, it argues that there is no relative ease of access to documentary evidence in NDCA. Moreover, Plaintiff argues that Defendants have not identified any particular documents that Tesla has in NDCA that Defendants do not themselves possess. Plaintiff emphasizes that Defendants' documentary and physical proof is not located in the transferee forum but rather are located in South Korea and Europe. *Id.* Moreover, Plaintiff identifies its relevant physical evidence in Covington, Georgia, and South Korea. *Id.*

The Court finds that this factor weighs against transfer. Neither party has identified any relevant sources of proof in EDTX, but Defendants have also not identified with any particularity any evidence that Tesla may have that they themselves do not possess. *See AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-CV-00513-JRG, 2018 WL 2329752, at *5 (E.D. Tex. May 23, 2018). Furthermore, Defendants admit that most of their documents are in Europe, which

is closer to EDTX than to NDCA. Finally, Plaintiff identifies documents in Covington, Georgia which is closer to EDTX than NDCA.

                                                                    b.    Availability of Compulsory Process

Next, Defendants identify five non-party Tesla witnesses outside this Court's subpoena power, but within NDCA's. Dkt. No. 33 at 8. Specifically, Defendants argue that since Tesla is their only U.S. customer, these witnesses are relevant to speak to "sales, requirements, and testing for the accused products." *Id.* Defendants contend that "to support transfer, 'it is not necessary to do more at this point in the litigation than to show that the potential witnesses have relevant and material information.'" *Id*. (quoting *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *5 (Fed. Cir. Oct. 13, 2021)).

Plaintiff contends that this factor is neutral. Dkt. No. 51 at 6. First, Plaintiff points out that neither party has identified any unwilling witnesses. *Id.* Plaintiff next argues that Defendants have not listed any of the Tesla employees in their Rule 26 initial disclosures. *Id.* at 7. Plaintiff then specifically disputes Defendants' arguments about the relevance of the Tesla witnesses. Plaintiff's position is that Tesla's requirements have nothing to do with infringement and the only relevant witnesses are Defendants' employees. *Id.* at 8.

The availability of compulsory process or subpoena power to secure the attendance of unwilling witnesses "receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *Planned Parenthood*, 52 F.4th at 630–31 (citations omitted); *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023). Here, Defendants do not make any showing that their identified Tesla witnesses are unwilling, thus the Court accords this factor less weight. On the merits, the Court agrees with Plaintiff that Defendants have not identified any non-duplicative information relevant to the claims at issue that the Tesla employees have, and that Defendants'

employees do not have. While Tesla employees may have information about "sales, requirements, and testing," Defendants do not identify what relevance a third-party's knowledge of those factors has for a patent infringement case against Defendants, not Tesla. The Court thus finds this factor neutral.

### c. Cost of Attendance for Willing Witnesses

Defendants argue that because Volta's witnesses are located in Europe and Solus's witness are located in South Korea, travel to NDCA is more convenient than travel to EDTX. Dkt. No. 33 at 9. In support, Defendants argue that there are direct flights from South Korea and Hungary to NDCA, but not to EDTX. *Id.*

Plaintiff argues that this factor weighs against transfer because the travel for the foreign witnesses is neutral and it has witnesses in Covington, Georgia, which is closer to Marshall. Dkt. No. 51 at 10. Then, relying on *In re Apple*, it argues that the 100-mile rule "should not be rigidly applied" when, as here, the witnesses will be required to travel significant distances regardless of where they testify." *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009)).

The Court finds that this factor weighs against transfer. Defendants proffer many arguments and much evidence about flight cost and convenience to the two districts, but taken as a whole, they cannot make a showing that NDCA is clearly more convenient. The Court's role is not to serve as the parties' travel agent, but to decide whether one forum is clearly more convenient than another. *AGIS*, 2018 WL 2329752, at *7. While travel may be more convenient to NDCA for the Korean witnesses, Defendants have failed to show that travel would be more convenient for the European witnesses. Further, Plaintiff has identified a witness in Georgia, which is far closer

7

to EDTX than to NDCA. The Court is unpersuaded by Defendants' arguments about the availability of direct flights.

### d. All Other Practical Problems

Defendants argue that the "all other practical problems" prong is neutral because they filed this Motion early in the litigation and there are no other cases asserting these patents. Dkt. No. 33 at 11. Plaintiff counters that this factor weighs against transfer because discovery is ongoing and the court has set Markman and trial dates. Dkt. No. 51 at 13.

The Court finds that this factor is neutral. Defendants timely filed this Motion early in the stage of the case.

### ii. Public Interest Factors

### a. Court Congestion

Defendants argue that the court congestion factor is neutral because it is speculative. Dkt. No. 33 at 12. Plaintiff argues that the factor weighs against transfer because EDTX time to trial is faster than NDCA. Dkt. No. 51 at 14.

The Court agrees with Plaintiff that this factor weighs against transfer because this case will very likely get to trial faster in EDTX than NDCA. Because the Court agrees that this factor is speculative, the Court affords it less weight.

### b. Local Interests

Defendants argue that the local interests factor favors transfer. Dkt. No. 33 at 12. Here, Defendants again focus on their contacts with Tesla in NDCA. *Id.* Defendants assert that NDCA "has a strong local interest in this matter because it is the primary location where Volta has sold, marketed, supported and met with its U.S. customer, Tesla, regarding the accused product." *Id.*

8

Plaintiff argues that this factor is neutral because this is a case between foreign parties. Dkt. No. 51 at 14. According to Plaintiff, this factor should be given less weight when even one party to a patent lawsuit is a foreign entity. *Id.* Plaintiff further argues that the local interest factor is neutral when the research, design and development of the accused product occurred overseas. *Id* (citing *Japan Display Inc. v. Tianma Microelectronics Co.*, No. 2:20-CV-00283-JRG, 2021 WL 3772425, at *7 (E.D. Tex. Aug. 25, 2021)). Plaintiff also disputes any relevance of non-party Tesla for this factor. *Id.* at 14–15.

The Court finds that this factor is neutral. When, as here, all parties are foreign, and all development, research, and design occurred overseas, this factor will rarely favor transfer. *Endo Pharms. Inc. v. Lupin Atlantis Holdings SA*, No. 2:17-CV-00558-JRG, 2018 WL 11474182, at 7 (E.D. Tex. May 30, 2018); *Tianma*, 2021 WL 3772425, at *7. Defendants fail to carry their burden to show that NDCA has any stronger local interest based on the presence of a customer there.

      c. Familiarity of the Forum with Governing Law and Conflicts of Law

Defendants argue that these factors are both neutral because there are no conflicts issues and both courts are familiar with patent law. Dkt. No. 33 at 13. Plaintiff responds that this factor weighs against transfer because this Court has more familiarity with patent law than NDCA. Dkt. No. 51 at 15. Plaintiff agrees about the conflicts issue. *Id.*

The Court finds this factor to be neutral. This Court has no doubt that NDCA could competently handle this patent case.

B. **WDTX**

Defendants argue that WDTX is less convenient than NDCA, but still clearly more convenient than EDTX. Dkt. No. 33 at 13. Defendants rely on the presence of a Tesla factory that makes batteries incorporating the accused copper foil. *Id.*

1. **Propriety of the Transferee Forum**

Defendants do not explain the propriety of venue in WDTX, rather they include a parenthetical with the conclusory statement that "this case could have been brought in WDTX at least in view of . . . shipments" to the Tesla Factory located there. *Id.* While Defendants do not dispute this conclusion, the Court does not find that this conclusory statement meets Defendants' burden. *See Mullen Indus. LLC v. Samsung Elecs. Co.*, No. 2:24-CV-00049-JRG, 2025 WL 904389, at *2–3 (E.D. Tex. Mar. 25, 2025); *see also Adaptive Spectrum and Signal Alignment, Inc. v. Charter Comm., Inc.*, No. 2:24-CV-00124-JRG-RSP, Dkt. No. 104, at 6–7 (E.D. Tex. Mar. 31, 2025). This alone results in denial of Defendants' Motion. Nevertheless, the Court will address the convenience factors.

2. **Private Interest Factors**

i. **Sources of Proof**

First, Defendants argue that Plaintiff's complaint alleges that the accused copper foil products are particularly beneficial for battery manufacture and Defendants' product is used in battery manufacturing at Tesla's factory in Austin. Dkt. No. 33 at 13. As discussed above, Plaintiff disputes any relevance of Tesla to this inquiry because Defendants do not identify any relevant physical evidence that Tesla has that Defendants do not possess themselves. Dkt. No. 51 at 6. For similar reasons as above, the Court finds that this factor weighs against transfer. *See supra*, Section II.A.2.i.a.

10

ii.     Compulsory Process

Here, Defendants argue that they have met with Tesla employees in WDTX who may be relevant. Dkt. No. 33 at 14. Defendants say that they "do not anticipate that any of the Tesla individuals with whom Volta met during the three trips would be trial witnesses." *Id.* Plaintiff argues that the Tesla witness should not be considered because of this lack of specificity and Defendants' averment that they do not plan on calling them for trial or even indicating that they will be deposed in this case. Dkt. No. 51 at 9. Plaintiff further argues that Defendants have failed to establish that travel from Austin to Marshall would impose "substantial expense" to those witnesses. *Id.*

The Court finds that Defendants' admission that they do not anticipate these witnesses to be called for trial, along with their lack of explanation for what information these individuals can provide, as well the relatively inexpensive cost of travel from Austin to Marshall renders this factor neutral.

iii.    Convenience of Willing Witnesses

Defendants argue that travel from Korea and Europe is easier and cheaper to Austin than to Marshall. Dkt. No. 33 at 14. In response, Plaintiff points out that Defendants' evidence does not support that it is clearly cheaper to fly to WDTX than EDTX. Dkt. No. 51 at 12.

As above, the Court finds that this factor weighs against transfer. The presence of witness around the globe indicates that a venue a mere 300 miles aways is not "clearly more convenient." Defendants' highly speculative and cherry-picked flight and travel information do not meet their burden. Additionally, Plaintiff's identified witness in Covington, Georgia is closer to Marshall than to Austin.

iv.   All Other Practical Problems

The analysis here is identical to above for NDCA, thus the Court finds it neutral

3.   Public Interest Factors

Defendants argue that the local interest factor favors transfer because WDTX has a stronger local interest because the accused products have been shipped in and used in the manufacturing of batteries. Dkt. No. 33 at 14–15. Plaintiff disputes the relevance of any third-parties to this inquiry. Dkt. No. 51 at 14. As above, the Court finds this factor neutral.

Finally, the Court incorporates its analysis regarding court congestion, familiarity with governing law, and conflicts of laws from above and finds this factor neutral here as well.

### III.   Conclusion

After reviewing all the factors for both of Defendants' proposed alternative venues, the Court finds that none of the factors favor transfer, while several favor keeping the case here, with the others being neutral. For WDTX, Defendants have failed to meet the threshold inquiry of the propriety of the transferee venue. The Court thus **DENIES** the Motion.

**SIGNED this 12th day of May, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE