IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SK NEXILIS CO., LTD.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**SOLUS ADVANCED MATERIALS CO., LTD., VOLTA ENERGY SOLUTIONS S.A.R.L., VOLTA ENERGY SOLUTIONS EUROPE KFT., VOLTA ENERGY SOLUTIONS HUNGARY KFT., AND VOLTA ENERGY SOLUTIONS CANADA INC.,**<br><br>*Defendants.* | Civil Action No. 2:23-cv-00539-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF DR. CRAIG ARNOLD**

██████████

## I. Dr. Arnold's Improper Opinions Concerning SKn's Burden to Prove Infringement

Defendants concede that Dr. Arnold is not allowed to offer "legal opinions on the burden of proving infringement" or dispute that "testing of three random points on a copper foil can be sufficient to prove that a particular foil practices the claim." Opp. at 3. But Dr. Arnold's challenged opinions state exactly what Defendants concede should be prohibited.

*First*, Dr. Arnold's opinions regarding the total area of copper foils Dr. Horn has tested, as compared to the ████████ of copper foils Defendants have manufactured, constitute improper legal opinions that conflict with the claim language. Mot. Ex. 2 ¶¶ 55-56. Defendants do not contest that Dr. Horn's testing methodology complies with the asserted claims, which require testing three random points only. *See* Opp. at 2-3. By asserting that Dr. Horn did not do enough, Dr. Arnold has opined that Dr. Horn bears a legal burden to do more than what the claims require. Those opinions are incorrect and highly prejudicial if presented to the jury.

*Second*, Dr. Arnold's opinions that Dr. Horn must test "all produced sheets" are also improper. Mot. Ex. 2 ¶ 57. Defendants concede that neither the case law nor the asserted claims imposes upon SKn the duty to test every sample. Opp. at 2. Dr. Arnold admitted that his opinions to the contrary are premised solely on his "gut feeling" without any scientific basis. Ex. 7 at 241:17-244:1 ("I can't really say a priori how many [samples Dr. Horn must test]"; but "[i]t's more than what he's done," and "I would have certainly tested all of the samples that were provided to me."). These opinions are untethered to any scientific principles and conflict with the law, and therefore should be excluded. Defendants' argument regarding ████████████████████ ████████████████████ is misdirection. Opp. at 2. That roll was ████████ ████████ by Defendants and ████████████████████████████ Dkt. 169 at 3. Moreover, Dr. Arnold's opinions regarding ████████ is ***not*** what SKn seeks to exclude. Rather, the improper opinions at issue relate to the other samples Dr. Arnold accuses Dr. Horn of

1

not testing. Dr. Horn is not obligated to test *every* sample; Dr. Arnold should be prohibited from telling the jury otherwise.

## II. Dr. Arnold's Opinions Misapplying the Court's Construction of "Rz" in Claim 1 of the '689 Patent

Defendants' Opposition mischaracterizes the Court's Claim Construction Order. Opp. at 3-4. The Court did not find that Rz in claim 1 of the '689 Patent could mean either RzDIN or RzJIS. To the contrary, the Court expressly rejected Defendants' indefiniteness argument based on the allegation that Rz could mean either RzDIN or RzJIS, and cited specific evidence supporting that Rz meant RzDIN. Dkt. 112 at 37. Defendants concede as such. Opp. at 4 ("[T]he claim construction order recounts evidence supporting an RzDIN construction."). Defendants' and Dr. Arnold's insistence that Rz could mean RzJIS flies in the face of the Court's express rulings.

Defendants' argument regarding SKn's statements during prosecution constitutes a belated attempt to re-argue claim construction of a term the Court has already construed, which is improper at this stage of the case. Opp.at 4.[1]

## III. Dr. Arnold's Opinions Misapplying the Court's Construction of "Rz" in Claim 1 of the '706 Patent

Defendants concede that the so-called "conditional" opinions fail to apply the Court's constructions and should not be offered at trial. Opp. at 4. These opinions should be struck.

## IV. Dr. Arnold's Untimely Disclosed Opinions Regarding Non-Infringing Alternatives

Defendants' attempt to couch previously-undisclosed opinions as rebuttals to Dr. Horn's opinions should be rejected. Opp. at 5. The burden to establish commercially acceptable and available NIAs is on Defendants, not SKn. *Correct Transmission, LLC v. Nokia of Am. Corp.*, 2024 WL 1289821, at *4 (E.D. Tex. Mar. 26, 2024). Any factual basis supporting the commercial

---

[1] The argument is also irrelevant, because the quoted statements discuss an entirely different limitation ("peak count (Pc)") and make no characterization of what Rz means.

acceptability of Defendants' alleged NIAs should have been disclosed in Dr. Arnold's opening report. *Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, 2025 WL 2029871, at *5 (E.D. Tex. July 21, 2025). Here, Defendants' NIA contentions in their interrogatory response and Dr. Arnold's opening report consisted solely of generic assertions that various prior art references were the NIAs, without any explanation as to their commercial acceptability. *See* Mot. Ex. 6 at 31-33; Mot. Ex. 1 ¶¶ 1313-1319. Dr. Horn's opinions explaining why Defendants' alleged NIAs are ***not*** commercially acceptable does not afford Defendants a second chance at meeting their initial burden. *Longitude*, 2025 WL 2029871, at *5. All the belatedly added details—namely, customers' willingness to accept ■■■■■■■■■■ (¶ 171), ■■■ (¶ 175), ■■■■■■■■■■■■■■■ (¶ 177)—should have appeared in the opening report.

Defendants cannot shift the blame onto Dr. Horn for disclosing "new arguments" in his opening report. Opp. at 5-6. To the contrary, SKn could not have disclosed the basis of Dr. Horn's opinions any sooner. Defendants failed to identify their alleged NIAs until the last day of fact discovery, so SKn had nothing to rebut until discovery was over. Mot. Ex. 6 at 31-33.

V.     **Dr. Arnold's Reliance on Test Results Not Disclosed During Fact Discovery**

Defendants concede the test results Dr. Arnold relies upon were not produced during fact discovery. Opp. at 9, 12. Defendants' only purported justification for their late disclosure is the Amended DCO. *Id.* at 8. But the Amended DCO did not authorize Defendants to produce test results after the close of fact discovery. Dkt. 112. Here, in particular, the test results are of Defendants' ***own*** copper foils. Defendants have no excuse for their untimeliness.

   A.     **The Untimely Disclosed CFL Testing Data**

Defendants' test results of the binding coefficients for the CFL foils were produced for the first time with Dr. Arnold's opening report, almost a month after fact discovery had closed. Defendants do not dispute the timing, but attempt to justify Dr. Arnold's delinquent opinions by

3

mischaracterizing a footnote in the Amended DCO. Opp. at 9. While the Amended DCO acknowledges that tests may still be run as of June 4, 2025—the deadline for serving amended contentions—it unambiguously sets the close of fact discovery on June 18, 2025. *Id.* at 4 n. 6. In other words, the test results that Defendants disclosed as "forthcoming" on June 4 should have been produced by June 18. Defendants failed to do so, and Dr. Arnold should not be permitted to rely on the late disclosed test results. *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286 (Fed. Cir. 2011) (affirming district court's exclusion of expert testimony about testing not disclosed during fact discovery).

Defendants' purported good cause is unavailing. Defendants do not deny that the CFL foils had been in their possession *for over a year*. Opp. at 9-10. Even if "AAS testing" takes "weeks," Defendants had sufficient time to complete their testing before fact discovery closed. Defendants also understate SKn's prejudice. Defendants' June 4 contentions merely state that Defendants expected the claim limitation to be met, but fail to specify how the ongoing tests were being run or what the test results were expected to be, and thus fail to provide SKn with adequate notice as to what Defendants allege. Opp. Ex. D at 1, 4. Although an attachment to Defendants' contentions cites to a third-party laboratory's test report, the report was for *other* prior art foils and gave no indication as to whether the CFL foils were tested pursuant to the same or different procedures. Opp. Exs. E & F. Moreover, although Dr. Horn responded to Defendants' testing based on the information Defendants disclosed during fact discovery, he was unable to comment on the third-party laboratory's testing of the specific CFL foils at issue because of the late disclosure.

B.   **The Untimely Disclosed Testing Data of the Accused Products**

Defendants concede that their test results of samples of the accused products were disclosed for the first time in Dr. Arnold's rebuttal report, over five weeks after fact discovery closed. Opp. at 10-12. Unlike the CFL foils discussed above, Defendants do not even claim to have disclosed

4

their testing methodology of the accused product samples during fact discovery. Indeed, Defendants' non-infringement contentions, served on the last day of fact discovery, say nothing about any planned testing of those samples, contrary to the Amended DCO's requirement. Ex. 9; Mot. Ex. 6 at 14-24; *cf.* Dkt. 118 at 4 n.5 (requiring "a description of the testing methodology for [] Defendants' testing of accused products.").

Defendants can offer no justification for their failure to disclose the testing during fact discovery. The late disclosed test results are of Defendants' own accused products. Tellingly, Defendants do not allege that Dr. Horn's opening report discloses any new theory that prompted Defendants to conduct additional testing. That "the testing data at issue was not available during fact discovery" (Opp. at 12) is entirely Defendants' own doing.

Defendants' reliance on the untimely disclosed data has caused significant prejudice to SKn. Contrary to Defendants' assertion that Dr. Horn never tested six ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Dr. Horn tested them, but was unable to finish all the tests, and thus elected not to rely on the partial testing results in his opening report. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 183 at 5. Had Dr. Horn known that Defendants would rely on their own testing of the accused product samples, he would have relied on the partial test results in his opening report. Moreover, the deposition transcript Defendants cite shows that their testing expert was unable to answer questions regarding the testing at issue. Opp. Ex. K at 179:17-180:14. *See also* Ex. 8 at 197:3-198:14 ("Frankly, I would want to check this data … Boy. I don't know …").

Defendants' cited cases are inapplicable and cannot justify Defendants' untimely disclosure, because both deal with the ***reliability*** of expert opinion, not reliance on late disclosed data. Opp. at 11 (citing *Gibson* and *Tinnus*).

5

Dated: September 5, 2025                    Respectfully submitted,

*/s/ Chunmeng Yang*

Deron R. Dacus
Texas Bar No. 00790553 Email:
ddacus@dacusfirm.com
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430 Tyler, TX 75701
Phone: (903) 705-1171
Fax: (903) 581-2543

Richard Erwine
richarderwine@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 5th Avenue, 7th Floor
New York, New York 10016
Tel: (212) 849-7000
Fax: (212) 849-7100

D. James Pak
djamespak@quinnemanuel.com
David M. Elihu
davidelihu@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

David A. Nelson
davenelson@quinnemanuel.com
Brianne M. Straka
briannestraka@quinnemanuel.com
Harrison B. Rose
harrisonrose@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Sean Pak
seanpak@quinnemanuel.com
Kevin (Gyushik) Jang
kevinjang@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Tel: (415) 875-6600
Fax: (415) 875-6700

*Counsel for Plaintiff SK nexilis Co., Ltd.*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on September 5, 2025, and a copy of this sealed document, in its entirety, via electronic mail.

Dated: September 5, 2025 　　　　　　　　　　*/s/ Chunmeng Yang*
　　　　　　　　　　　　　　　　　　　　　　Chunmeng Yang

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 62) entered in this case on October 8, 2024.

Dated: September 5, 2025

*/s/ Chunmeng Yang*
Chunmeng Yang