IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SK NEXILIS CO.,<br><br>    Plaintiff,<br><br>v.<br><br>SOLUS ADVANCED MATERIALS CO., LTD., VOLTA ENERGY SOLUTIONS S.A.R.L., VOLTA ENERGY SOLUTIONS EUROPE KFT., VOLTA ENERGY SOLUTIONS HUNGARY KFT., and VOLTA ENERGY SOLUTIONS CANADA INC.<br><br>    Defendants. | Civil Action No. 2:23-cv-00539-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**VOLTA'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
PORTIONS OF THE EXPERT REPORTS OF DR. QUINN HORN (DKT. 145)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

TABLE OF EXHIBITS TO VOLTA'S MOTION ........................................................................ iii

TABLE OF EXHIBITS TO VOLTA'S REPLY ............................................................................ iii

TABLE OF EXHIBITS TO SKN'S RESPONSE ......................................................................... iii

TABLE OF ABBREVIATIONS .................................................................................................. iii

I.    Dr. Horn's Report Does Not Address Representativeness of His Testing ......................... 1

II.    Dr. Horn's Opinions on Copying Are Unreliable and Outside His Expertise ................... 3

III.    Dr. Horn's Opinions Regarding "Virgin Copper Foils" Are Unsupported ........................ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*,
    No. 14-CV-6544-KAM-GRB, 2020 WL 5658779 (E.D.N.Y. Sept. 23, 2020) ......................... 2

*Eastman Kodak Co. v. Agfa-Gevaert N.V.*,
    560 F. Supp. 2d 227 (W.D.N.Y. 2008) ............................................................................... 3

*Entropic Communications, LLC v. Charter Communications, Inc.*,
    No. 2:22-CV-00125-JRG, 2023 WL 8437839 (E.D. Tex. Dec. 5, 2023) ............................ 5

*Maxell, Ltd. v. Apple Inc.*,
    No. 5:19-CV-36-RWS, 2020 WL 8269548 (E.D. Tex. Nov. 11, 2020) .............................. 5

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*,
    571 U.S. 191 (2014) ............................................................................................................. 1

*Tech. Props. Ltd. LLC v. Canon Inc.*,
    No. 14-CV-03640-CW-DMR, 2015 WL 5118687 (N.D. Cal. Aug. 31, 2015) .................. 2

*Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*,
    No. 2:23-CV-00059-JRG-RSP, 2025 WL 254110 (E.D. Tex. Jan. 21, 2025) ..................... 5

**Other Authorities**

Fed. R. Evid. 403 ........................................................................................................................ 4

Fed. R. Evid. 702 ........................................................................................................................ 1

## TABLE OF EXHIBITS TO VOLTA'S MOTION

| # | Description |
|---|---|
| 1 | Opening Expert Report of Dr. Quinn Horn (July 10, 2025) (excerpts) |
| 2 | Rebuttal Expert Report for Dr. Craig Arnold (July 28, 2025) (excerpts) |
| 3 | Volta Certificate of Conformance (VOLTA_00204129) |
| 4 | Solus Presentation: No.1 Material Solutions Partners (SKN-0003174) |
| 5 | Article: Measuring Procedures for Evaluating the Surface Roughness of Machined Parts (VOLTA_00019807) (excerpts) |
| 6 | Volta's Suppl. Resp. to SKN 2nd Set of Interrogs. No. 11-13 (July 8, 2025) (excerpts) |
| 7 | Rebuttal Expert Report of Dr. Quinn Horn (July 28, 2025) (excerpts) |
| 8 | Rough Deposition Transcript of Dr. Quinn Horn (August 7, 2025) (excerpts) |

## TABLE OF EXHIBITS TO VOLTA'S REPLY

| # | Description |
|---|---|
| 9 | Rebuttal Expert Report for Dr. Craig Arnold (July 28, 2025) (excerpts) |
| 10 | Email re Surface Image Comparison by SEM (VOLTA_00041109) |
| 11 | Copper foil comparison (VOLTA_00037912) |
| 12 | Letter re Sample Production (April 14, 2025) |

## TABLE OF EXHIBITS TO SKN'S RESPONSE

| # | Description |
|---|---|
| A | Opening Expert Report of Dr Quinn Horn (July 10, 2025) (excerpts) |
| B | Testing of BF 8 µm Rolls |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Accused Products | BF-PLSP-8µm, BF-PLSP-6µm, SR-PLSP-6µm, and HTS-PLSP |
| Asserted Patents | '541, '090, '689, '014, and '706 patents |
| DOE | Doctrine of Equivalents |
| SKN | SK Nexilis Co., Ltd. |
| Solus | Solus Advanced Materials Co., Ltd. |
| Volta | Solus, Volta Energy Solutions S.A.R.L., Volta Energy Solutions Europe KFT, and Volta Energy Solutions Hungary KFT |
| '541 patent | U.S. Patent No. 9,457,541 |
| '090 patent | U.S. Patent No. 10,480,090 |
| '689 patent | U.S. Patent No. 10,811,689 |
| '014 patent | U.S. Patent No. 11,346,014 |
| '706 patent | U.S. Patent No. 11,591,706 |

SKN's opposition does not adequately address the key issues with Dr. Horn's report that make certain opinions unreliable and inadmissible. *First*, Dr. Horn's infringement conclusions are unreliable because he bases them on insufficient data with no showing of representativeness. *Second*, Dr. Horn's opinions on copying are unhelpful and likely to confuse the jury, prejudicing Volta. *Third*, Dr. Horn's opinions that the Asserted Patents are directed to "virgin copper foil" are unsupported and amount to nothing more than belated claim construction theories.[1]

## I. Dr. Horn's Report Does Not Address Representativeness of His Testing

Contrary SKN's characterization, Volta does not argue that Dr. Horn must have tested "each point on each unit" of the copper foils Volta produced, Dkt. 183 at 4, or that Dr. Horn must make "additional showings beyond what is required by the patent claim," *id.* at 2. Moreover, Volta does not argue that Dr. Horn should have used different testing procedures than those set forth in the Asserted Patents (e.g., using a 4 mm length). Rather, Dr. Horn cannot support his opinion that all of the Accused Products infringe without meeting the burden of proving the samples he did test are representative of the Accused Products. His failure to offer an opinion on representativeness means that he did not rely on "sufficient facts or data" as required by FED. R. EVID. 702(b), and his ultimate conclusions on infringement are not "the product of reliable principles and methods" under FED R. EVID. 702(c).[2] As SKN acknowledges, the patentee carries the burden of establishing infringement. *See Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 198 (2014). Given that SKN is asking the jury to find

---

[1] SKN does not oppose Volta's request to exclude Dr. Horn's doctrine of equivalents opinions. Dkt. 183 at 9. Moreover, given that the Court denied Volta's motion to strike SKN's contentions (Dkt. 146; Dkt. 176), Volta does not address its request to strike Ex. 1 ¶¶ 252-62 in this reply.

[2] As described in Volta's motion, Dr. Horn's opinion that Volta's BF-PLSP-8µm foils infringe is based on an extrapolation of test results from the small portions of five tested samples to the entire class of BF-PLSP-8µm foils without any showing of representativeness, Dkt. 183 at 2,

1

infringement of all Accused Products, SKN's burden involves proving that the tested samples are representative of all such products. *See, e.g.*, *Tech. Props. Ltd. LLC v. Canon Inc.*, No. 14-CV-03640-CW-DMR, 2015 WL 5118687, at *3 (N.D. Cal. Aug. 31, 2015) ("A plaintiff bears the burden of explaining why its claim chart is representative of all accused products.").

SKN plainly may not rely on testing that ***is not part of Dr. Horn's expert report*** to salvage his report. In particular, in a last ditch effort to salvage Dr. Horn's flawed attempts to extrapolate testing of five samples, SKN asserts that Dr. Horn tested "***all*** eleven rolls." Dkt. 183 at 5 (emphasis original). However, SKN acknowledges that "Dr. Horn does not rely on his partial testing of [these] samples . . . in his infringement opinion." *Id.* Indeed, SKN produced the test results to Volta ***after*** serving Dr. Horn's opening report, and only after Volta asked SKN to confirm that it produced all of Dr. Horn's test results. If SKN wished to rely on such testing, it should have moved for leave to serve a supplemental infringement report. Indeed, SKN could have relied on such testing in Dr. Horn's report, as the samples were produced by April 15, 2025, over two months before the expert report deadline. Ex. 12.

*American Technical Ceramics* is inapposite because, there, the defendant had stated that the samples tested were "representative" of the accused products, and its expert deemed them to be representative. *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544-KAM-GRB, 2020 WL 5658779, at *3 (E.D.N.Y. Sept. 23, 2020). Here, neither Volta nor its experts have made any representation that the samples Dr. Horn tested are representative. Rather, Volta has consistently maintained the opposite. *See, e.g.*, Dkt. 92 at 20-24.

SKN's attorney argument regarding an alleged lack of variability in the Accused Products is not supported by either Dr. Horn's report or the test data. *See, e.g.*, Dkt. 183 at 5-6. Dr. Horn offers no opinion that "every randomly-selected sample . . . consistently falls within the claimed

2

ranges," *id.*, and SKN ignores that Volta's expert's testing shows the very opposite. In particular, Dr. Arnold tested samples from the same rolls on which SKN relies for this "variability" point, and his test results differ materially from those collected by Dr. Horn. *See* Ex. B; Ex. 9 ¶¶ 42, 96, 98. Such inconsistent test results across samples from the same roll are the very "data showing that the purported variances can be material to issues of infringement" that SKN argues Volta lacks. *See* Dkt. 183 at 5. But SKN, not Volta, bears the burden to prove infringement and if it chooses to rely on alleged representativeness, it must support such an assertion with evidence. Dr. Horn's report wholly fails to do so. This failure is especially fatal given his admission that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ Ex. 8 at 232:14-234:11, 250:24-252:4; *see also Eastman Kodak Co. v. Agfa-Gevaert N.V.*, 560 F. Supp. 2d 227, 290 (W.D.N.Y. 2008) ("[T]he variability of results and the small sample . . . lessens to insignificance any confidence that the batch literally infringes.").

Given Dr. Horn's failure to prove that his test results are representative, the Court should exclude his conclusions that all of the Accused Products infringe.

**II.     Dr. Horn's Opinions on Copying Are Unreliable and Outside His Expertise**

The Court should exclude Dr. Horn's copying opinions as unreliable and unhelpful.

*First*, SKN's characterization of Dr. Horn's copying opinions as "detailed technical analyses" necessary for the jury to understand the documents on which he relies is overstated. The majority of Dr. Horn's copying opinions merely summarize Volta's alleged conduct without providing any technical context. *See, e.g.*, Ex. 1 ¶ 617 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ Even the opinions in which Dr. Horn allegedly provides "detailed

3

technical analyses" are nothing more than a parroting of what the documents say on their face. *See, e.g.*, Ex. 1 ¶ 620



¶ 624

*Second*, SKN's assertion that Dr. Horn does not use Volta's documents to "infer an intent to copy" is plainly false. Dr. Horn does exactly that on multiple occasions. *See, e.g.*, Ex. 1 ¶ 617

¶ 627



In any event, if Dr. Horn is not opining on copying, then SKN's justification for these opinions (secondary considerations of non-obviousness) evaporates.

*Third*, Volta's motion does not dispute that Dr. Horn's opinions are ostensibly part of his opinions on invalidity. *Contra* Dkt. 183 at 8-9. However, the alleged copying evidence *post-dates* the development of the Accused Products. Because Dr. Horn's "copying" opinions create a substantial risk of confusing the jury and prejudicing Volta, which outweighs any minimal probative value, the Court should exclude these opinions. *See* FED. R. EVID. 403.

### III. Dr. Horn's Opinions Regarding "Virgin Copper Foils" Are Unsupported

SKN acknowledges that Dr. Horn is offering an opinion on the meaning of the Asserted Patents—i.e., that the claims are limited to foils unincorporated into a battery (so-called "virgin copper foils")—that SKN did not present during the claim construction process. Dkt. at 183 at 10-11. His untimely opinions regarding a POSITA's alleged understanding of the asserted

4

claims are wholly unsupported because there are no limitations in the Asserted Patents requiring the copper foil to be outside of a battery. *See generally* Dkt. 1-6; Dkt. 1-7; Dkt. 1-8; Dkt. 1-9; Dkt. 9-10. Instead, the specifications are replete with disclosures contemplating that the copper foils are used in batteries. For example, claim 10 of the '689 patent recites a battery that includes the same copper foil recited in asserted claim 1. Dkt. 1-7 at cl. 10. Moreover, SKN's allegations of induced infringement indicate that SKN itself believes that copper foils incorporated into batteries can infringe the Asserted Patents. Dkt. 135 ¶¶ 87, 104, 118, 134, 149. Dr. Horn's belated construction is nothing more than a last-ditch effort to distinguish Volta's prior art foils extracted from batteries. For these reasons, this case is unlike *Entropic Communications, LLC v. Charter Communications, Inc.*, where the expert's opinions regarding a POSITA's understanding of a patent's disclosure were supported by the patent-in-suit itself. No. 2:22-CV-00125-JRG, 2023 WL 8437839, at *5 (E.D. Tex. Dec. 5, 2023). SKN cites no authority allowing an expert to opine on a POSITA's understanding of the claims without support from the patents themselves.

Dr. Horn's opinions also constitute untimely, improper claim construction. SKN's argument that these opinions are informed by the Court's construction of "tensile strength" does not change the fact that they represent an entirely new construction of a term that was never even identified for construction. SKN forfeited this improper construction by not pursuing it during the claim construction process. *See, e.g., Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-36-RWS, 2020 WL 8269548, at *23 (E.D. Tex. Nov. 11, 2020) (claim construction argument forfeited because it was not presented during claim construction). In any event, the Court should preclude Dr. Horn from offering improper claim construction opinions that are inconsistent with the patents. *See, e.g.*, *Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*, No. 2:23-CV-00059-JRG-RSP, 2025 WL 254110, at * 2 (E.D. Tex. Jan. 21, 2025) (precluding "improper claim construction").

5

Dated: September 5, 2025

Respectfully submitted,

 */s/ Daniel A. Tishman*

| | |
|---|---|
| Melissa R. Smith (State Bar No. 24001351)<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: melissa@gillamsmithlaw.com<br><br>Andrew Thompson ("Tom") Gorham<br>State Bar No. 24012715<br>GILLAM & SMITH, L.L.P.<br>102 N. College, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: tom@gillamsmithlaw.com | Michael J. McKeon (DC Bar No. 459780)<br>Lauren A. Degnan (DC Bar No. 452421)<br>Ralph A. Phillips (DC Bar No. 475571)<br>Daniel A. Tishman (DC Bar No. 1013923)<br>Bryan J. Cannon (DC Bar No. 1723657)<br>Brendan F. McLaughlin (DC Bar No. 1671658)<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, S.W., Suite 1000<br>Washington, D.C. 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br>Email: mckeon@fr.com, degnan@fr.com,<br>rphillips@fr.com, tishman@fr.com,<br>cannon@fr.com, bmclaughlin@fr.com<br><br>Chet Campbell (MA Bar No. BBO #688,190)<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA 02210<br>Telephone: (617) 542-5070<br>Facsimile: (617) 542-8906<br>Email: cycampbell@fr.com<br><br>Meghana Thadani (NY Bar No. 5851901)<br>FISH & RICHARDSON, P.C.<br>7 Times Square, 20th Floor<br>New York, NY 10036<br>Telephone: (212) 641-2215<br>Facsimile: (212) 258-2291<br>Email: thadani@fr.com |

*Attorneys for Defendants Solus Advanced Materials Co., Ltd.,*
*Volta Energy Solutions Canada Inc., Volta Energy Solutions Europe KFT,*
*Volta Energy Solutions Hungary KFT, Volta Energy Solutions S.A.R.L.*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 5, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

                                                               */s/ Daniel A. Tishman*