# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **SK NEXILIS CO., LTD.,** <br><br> *Plaintiff,* <br><br> v. <br><br> **SOLUS ADVANCED MATERIALS CO., LTD., VOLTA ENERGY SOLUTIONS S.A.R.L., VOLTA ENERGY SOLUTIONS EUROPE KFT., VOLTA ENERGY SOLUTIONS HUNGARY KFT., AND VOLTA ENERGY SOLUTIONS CANADA INC.,** <br><br> *Defendants.* | **Civil Action No. 2:23-cv-00539-JRG-RSP** <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF SK NEXILIS CO., LTD.'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL EXPERT REPORTS

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1
II. BACKGROUND .............................................................................................................1
    A. The Accused BF, SR, HTS, and MTS Copper Foils ..............................................1
    B. SKn's Original Expert Reports Addressed All Accused Products .........................2
III. LEGAL STANDARD......................................................................................................3
IV. ARGUMENT ...................................................................................................................4
    A. SKn Did Not Receive Samples of MTS or HTS Products Until After Serving Its Opening Expert Reports .......................................................................4
    B. The MTS and HTS Products are Important ............................................................5
    C. Defendants Suffered No Prejudice..........................................................................6
    D. No Continuance is Necessary .................................................................................7
V. CONCLUSION................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Firtiva Corp. v. Funimation Glob. Grp., LLC*,
  No. 2:21-CV-00111-JRG-RSP, 2022 WL 1792818 (E.D. Tex. June 1, 2022).....................4, 6

*KAIST IP US LLC v. Samsung Elec. Co.*,
  No. 2:16-cv-1314-JRG-RSP, 2018 WL 1833341 (E.D. Tex. Apr. 17, 2018)...........................3

*Reliance Ins. Co. v. Louisiana Land & Exploration Co.*,
  110 F.3d 253 (5th Cir. 1997) ...................................................................................................3

### **Statutes**

35 U.S.C. § 101................................................................................................................................6

## I.  INTRODUCTION

Plaintiff SK nexilis Co., Ltd. ("Plaintiff" or "SKn") submits this motion for leave to serve supplemental expert reports to address two accused products—the MTS and HTS copper foils—for which Defendants Solus, VES S.A.R.L., VES Europe, VES Hungary, and VES Canada (collectively "Defendants") did not provide any samples until after opening expert reports were due. The supplemental reports mirror the infringement and damages theories that SKn disclosed in the initial opening reports and are narrowly tailored to incorporate test data obtained from the late-produced samples and newly produced financial information. As set forth in detail below, good cause exists to grant SKn's motion.[1]

## II.  BACKGROUND

### A.  The Accused BF, SR, HTS, and MTS Copper Foils

On November 21, 2023, SKn filed the instant action accusing Defendants' copper foils of infringing the asserted patents. *See* Dkt. 1 at ¶ 37. As soon as discovery began, SKn requested Defendants to produce "samples of each Solus Battery Copper Foil Product" so that SKn can test them to show infringement. Dkt. 169-5 at 5.

On August 29, 2024, Defendants "agree[d] to provide twenty (20) samples of each of the accused products (**BF**-PLSP-8µm, **BF**-PLSP-6µm, **SR**-PSLP-6µm, **HTS**-PLSP-6µm) to SKN's outside counsel," where the suffix indicates the thickness of each copper foil product. Dkt. 169-7 at 1. But by October 22, 2024, Defendants had only produced samples for the BF and SR products,

---

[1] During the meet and confer process, Defendants indicated that they would not oppose the parties exchanging supplemental reports to address the MTS and HTS products. Ex. C (Parties' Correspondence) at 3-5. But Defendants insisted on (1) seeing a draft of SKn's motion prior to filing and (2) including detailed language about the application of certain of Defendants' *Daubert* and MSJ motions to SKN's supplemental report. *See id.* at 1-2. SKn rejected these demands and Defendants consequently indicated that they would oppose the motion.

1

not the HTS. *See* Dkt. 169-6. ▮

▮ Dkt. 239-12 at 2.

Over six months later, on June 13, 2025, Defendants' Head of the Center for Production Technology revealed ▮

▮ Ex. G (Junghyun Lee Dep. Tr.) at 10:11-14, 126:12-17. A few days later, Defendants' Executive Director and Head of Europe-North America Sales Center testified that ▮

▮ *See* Ex. H (Junwook Lee Dep. Tr.) at 13:13-23, 81:23-82:8. At SKn's request, Defendants produced samples of the HTS and MTS copper foils on July 28, 2025. *See* Exs. C and D.

    **B.**    **SKn's Original Expert Reports Addressed All Accused Products**

SKn's opening expert reports were due on July 10, 2025, before SKn had received samples of either the MTS or the HTS copper foils. Accordingly, SKn's technical expert, Dr. Quinn Horn, identified all of Defendants' copper foil products—the BF, SR, MTS, and HTS copper foils—in his opening report, but only presented test data for the BF and SR products for which he had samples to test. *See, e.g.*, Ex. E (Horn Opening Report) at § VIII and ¶ 229 (excerpted below):

|  | '541 Patent Cls. 1-4 | '090 Patent Cls. 1-6 | '689 Patent Cls. 1-5 | '014 Patent Cls. 1, 2, 4 | '706 Patent Cls. 1-5 |
|---|---|---|---|---|---|
| BF-PLSP-6μm | ✓ | ✓ | ✓ | ✓ | ✓ |
| BF-PLSP-8μm | ✓ | ✓ | ✓ | ✓ | ✓ |
| MTS-PLSP | Samples forthcoming ||||| 
| SR-PLSP-6μm |  |  | ✓ | ✓ | ✓ |
| HTS-PLSP | Samples forthcoming |||||

Dr. Horn also expressly reserved the right to "further supplement [his] report based on additional test data obtained from the MTS and HTS samples… and any other document or testimonial evidence relating to the MTS and HTS products." *Id.* at ¶ 227. Likewise, SKn's

damages expert, Ms. Kindler, noted "SKn may also accuse a medium tensile strength product line ('MTS-PLSP') and a high tensile strength product line ('HTS-PLSP') that Defendants have begun developing but were not produced for testing." Ex. F (Kindler Report) at ¶ 64.

After Dr. Horn had an opportunity to test the MTS and HTS samples, he prepared a limited supplemental report to incorporate the test results and mapped them to the asserted claims:

|  | '541 Patent Cls. 1-4 | '090 Patent Cls. 1-6 | '689 Patent Cls. 1-5 | '014 Patent Cls. 1, 2, 4 | '706 Patent Cls. 1-5 |
|---|---|---|---|---|---|
| BF-PLSP-6μm | ✓ | ✓ | ✓ | ✓ | ✓ |
| BF-PLSP-8μm | ✓ | ✓ | ✓ | ✓ | ✓ |
| HTS-PLSP-6μm |  | ✓ (except Cl. 4) |  | ✓ | ✓ |
| SR-PLSP-6μm |  |  | ✓ | ✓ | ✓ |
| MTS-PLSP-6μm | ✓ | ✓ | ✓ | ✓ | ✓ |

*See* Ex. A (Horn Supp. Opening Report) at ¶ 28 (updates highlighted). Ms. Kindler likewise served a four-page supplemental report, noting ███████ ███████ so her "damages opinions expressed in the Kindler Report remain unchanged." Ex. B (Kindler Supp. Report) at ¶ 5.

### III.   LEGAL STANDARD

Courts in this district use four factors in determining whether a motion for leave to supplement expert reports should be granted: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *KAIST IP US LLC v. Samsung Elec. Co.*, No. 2:16-cv-1314-JRG-RSP, 2018 WL 1833341, at *2 (E.D. Tex. Apr. 17, 2018) (quoting *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

### IV. ARGUMENT

#### A. SKn Did Not Receive Samples of MTS or HTS Products Until After Serving Its Opening Expert Reports

SKn could not have included test data for the MTS or HTS copper foils in Dr. Horn's original report because Defendants did not produce their samples until ***more than two weeks after*** the reports were due. Specifically, the opening reports were due on July 10, but Defendants shipped the MTS and HTS samples on July 28. *See* Ex. A at ¶ 27 (summarizing receipt dates of all samples tested). As this Court has found, a defendant's late production "weighs strongly in favor of finding good cause" to grant supplementation of patentee's expert report to address the late-produced information. *Firtiva Corp. v. Funimation Glob. Grp., LLC*, No. 2:21-CV-00111-JRG-RSP, 2022 WL 1792818, at *2 (E.D. Tex. June 1, 2022).

Moreover, SKn has been diligent in testing the MTS and HTS samples and supplementing the expert reports. Upon receiving the samples on July 29, Dr. Horn's team carried out a large number of tests to evaluate the surface roughness, thickness, weight deviation, texture coefficient, surface passivation, coefficient of thermal expansion, and atomic absorption spectroscopy for each sample. *See, e.g.*, Ex. E at § III.C. (summary of testing methodology). As Defendants recognized, such testing "takes a very long time." *See* Ex. I (8/21/25 Hr'g Tr.) at 61:5-10 (noting Defendants' own expert "spent upwards of a thousand hours doing tests" on alleged prior art samples). Dr. Horn's team completed all testing ***within seven weeks*** of receiving the MTS and HTS samples and served his supplemental report on September 15. *See* Ex. A. In addition, Ms. Kindler submitted her supplemental damages report within the ***same week*** that Dr. Horn issued his supplemental report.

The first factor thus weighs heavily in favor of granting SKn leave to serve the supplemental reports.

4

B.  **The MTS and HTS Products are Important**

The MTS and HTS copper foils are important because they are two of five accused products in this case. *See, e.g.*, § II.B., *supra*. ▆

▆ Ex. J (DISTLER_00175) at -186.

▆

▆ *See, e.g.*, Ex. H at 81:23-82:8 ▆

▆ id. at 82:19-23 ▆

▆ id. at 83:3-12 ▆

▆ (emphasis added). By Defendants' own admissions, the MTS and HTS are important products.

It is immaterial that ▆ Given Defendants' strong desire to market and sell the MTS and HTS to their U.S. customers, SKn is entitled to pursue an ongoing royalty for any future sales before the expiration of the asserted patents (which is set between 2031 and 2039). *See* Ex. F (Kindler Report) at ¶¶ 49, 51, 53, 55, and 57; *see also*, Ex. B (Kindler Supp. Report) at ¶ 6 ▆

▆

5

███ In fact, on September 25, 2025, ███ ███ *See, e.g.*, Ex. K. Moreover, infringing acts under the Patent Act plainly include not just sales, but offers for sale. 35 U.S.C. § 101.

Accordingly, the second factor also weighs in favor of granting SKn's motion.

### C. Defendants Suffered No Prejudice

The MTS and HTS copper foils have been in Defendants' exclusive possession. Yet Defendants withheld the MTS samples from SKn since at least April or May of 2025, and ███ ███ *See, e.g.*, Ex. H at 82:2-8 ███ Ex. G at 123:19-124:13 ███ Dkt. 239-12. These actions speak volume to Defendants' past attempts to hide the MTS and HTS products from this case and hinder SKn's investigation of their infringement. Any alleged prejudice is thus entirely a result of Defendants' own delay in providing samples to SKn for testing.

Dr. Horn's supplemental report also largely incorporates by reference his initial opening report and only presents test data from the MTS and HTS products under the same theories that he had previously disclosed in his opening report for the BF and SR products. The same is true for Ms. Kindler's supplemental report. *See generally*, Exs. A and B. As this Court has found in the past, there is no prejudice when opinions are "largely cumulative of [expert's] previous opinions." *Firtiva*, No. 2:21-cv-00111-JRG-RSP, 2022 WL 1792818 at *2.

Moreover, SKn has indicated that it is willing to agree that Defendants' technical and damages experts may serve proper rebuttal opinions to address Dr. Horn's and Ms. Kindler's

6

supplemental opinions. *See* Ex. C at 4, 5.

The third factor therefore also favors granting SKn's motion.

### D. No Continuance is Necessary

Because Defendants had sole possession of the MTS and HTS for months before giving SKn access to their samples, there was no prejudice to cure. Further, because Dr. Horn's infringement opinions and Ms. Kindler's damages opinions are entirely consistent with their original reports, no further deposition or *Daubert* motions are required. As such, the fourth factor also favors granting SKn's motion.

## V. CONCLUSION

For the foregoing reasons, SKn respectfully requests leave to serve supplemental expert reports from Dr. Horn and Ms. Kindler, attached as Exhibits A and B.

Dated: September 25, 2025

        */s/Harrison B. Rose*

        Deron R. Dacus
        Texas Bar No. 00790553
        Email: ddacus@dacusfirm.com
        **THE DACUS LAW FIRM, P.C.**
        821 ESE Loop 323, Suite 430 Tyler, TX 75701
        Phone: (903) 705-1171
        Fax: (903) 581-2543

        D. James Pak (CA Bar No. 194331)
        David M. Elihu (CA Bar No. 303043)
        djamespak@quinnemanuel.com
        davidelihu@quinnemanuel.com
        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        865 S. Figueroa St, 10th Floor
        Los Angeles, CA 90017
        Tel: (213) 443-3000
        Fax: (213) 443-3100

        David A. Nelson (IL Bar No. 6209623)
        Brianne M. Straka (IL Bar No. 6300972)
        Harrison B. Rose (IL Bar No. 6327523)
        davenelson@quinnemanuel.com
        briannestraka@quinnemanuel.com
        harrisonrose@quinnemanuel.com
        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        191 N. Wacker Drive, Suite 2700
        Chicago, Illinois 60606
        Tel: (312) 705-7400
        Fax: (312) 705-7401

        Sean Pak (CA Bar No. 219032)
        Kevin (Gyushik) Jang (NY Bar No. 5391354)
        seanpak@quinnemanuel.com
        kevinjang@quinnemanuel.com
        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        50 California Street, 22nd Floor
        San Francisco, California 94111-4788
        Tel: (415) 875-6600
        Fax: (415) 875-6700

        *Counsel for Plaintiff SK nexilis Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via e-mail on September 25, 2025.

Dated: September 25, 2025                /s/Harrison B. Rose
                                         Harrison B. Rose

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that pursuant to Local Rule CV-5(a)(7), a motion to seal this document has been filed.

Dated: September 25, 2025                /s/Harrison B. Rose
                                         Harrison B. Rose

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred via email and telephonic conferences on September 25, 2025. Defendants oppose this motion.

Dated: September 25, 2025                /s/Harrison B. Rose
                                         Harrison B. Rose