IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SK NEXILIS CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SOLUS ADVANCED MATERIALS CO., LTD., VOLTA ENERGY SOLUTIONS S.A.R.L., VOLTA ENERGY SOLUTIONS EUROPE KFT., VOLTA ENERGY SOLUTIONS HUNGARY KFT., and VOLTA ENERGY SOLUTIONS CANADA INC.<br><br>Defendants. | Civil Action No. 2:23-cv-00539-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**ANSWER TO SECOND AMENDED COMPLAINT (Dkt. 135)**

Defendants Solus Advanced Materials Co. ("Solus"), Volta Energy Solutions S.A.R.L. ("VES S.A.R.L."), Volta Energy Solutions Europe KFT. ("VES Europe"), Volta Energy Solutions Hungary KFT. ("VES Hungary"), and Volta Energy Solutions Canada Inc. ("VES Canada" and with Solus, VES S.A.R.L., VES Europe, and VES Hungary, "Volta" or "Defendants") hereby answer the Second Amended Complaint (Dkt. No. 135) filed by Plaintiff SK nexilis Co., Ltd. ("SKN" or "Plaintiff").

Volta denies the allegations and characterizations in SKN's Second Amended Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Second Amended Complaint. Further, to the extent that SKN's allegations set forth legal conclusions, no response is required.

## NATURE OF THE ACTION[1]

1. Volta admits that Plaintiff's pleading purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. The allegations in this paragraph concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

2. Volta admits this action involves U.S. Patent Nos. 9,457,541 ("the '541 patent"), 10,480,090 ("the '090 patent"), 10,811,689 ("the '689 patent"), 11,346,014 ("the '014 patent"), and 11,591,706 ("the '706 patent") (collectively, the "Asserted Patents"). Volta denies that it has unlawfully infringed the Asserted Patents, that SKN is entitled to any relief for its allegations of patent infringement, and any remaining allegations in Paragraph 2 of the Second Amended Complaint. The allegations in this paragraph concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

## THE PARTIES

3. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Second Amended Complaint and, therefore, denies them.

4. Volta admits that Solus is a corporation organized and existing under the laws of the Republic of Korea. Solus's principal place of business is located at 1~3F, 20 Tancheonsang-

[1] Volta repeats the headings set forth in the Second Amended Complaint to simplify comparison of the Second Amended Complaint and this response. In doing so, Volta makes no admissions regarding the substance of the headings or any other allegations of the Second Amended Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Volta specifically denies all such allegations. Where necessary, Volta makes amendments to SKN's headings in brackets.

ro-151beon-gil, Bundang-gu, Seongnam-si, Gyeonggi-do, Republic of Korea, and so the remaining allegations in Paragraph 4 are denied.

5. To the extent that the allegations of Paragraph 5 set forth legal conclusions, no response is required. Volta admits that VES S.A.R.L. is a company organized and existing under the laws of Luxembourg, with its principal place of business at 6, Salzbaach, Wiltz, Luxembourg. Volta further admits that Solus owns a majority stake in VES S.A.R.L. Volta denies that VES S.A.R.L. is directed and controlled by Solus. The remaining allegations in Paragraph 5 are vague and incomplete and Volta denies them on that basis.

6. To the extent that the allegations of Paragraph 6 set forth legal conclusions, no response is required. Volta admits that VES Europe is a company organized and existing under the laws of Hungary, with its principal place of business at Környe, Üveggyár u., 2851, Hungary. Volta further admits that VES Europe is a wholly-owned subsidiary of VES S.A.R.L. Volta denies that VES Europe is directed and controlled by Solus or VES S.A.R.L. The remaining allegations in Paragraph 6 are vague and incomplete and Volta denies them on that basis.

7. To the extent that the allegations of Paragraph 7 set forth legal conclusions, no response is required. Volta admits that VES Hungary is a company organized and existing under the laws of Hungary, with its principal place of business at Környe, Üveggyár u., 2851, Hungary. Volta admits that VES Hungary is a wholly-owned subsidiary of VES Europe. Volta denies that VES Hungary is directed and controlled by Solus, VES Europe, or VES S.A.R.L. The remaining allegations in Paragraph 7 are vague and incomplete and Volta denies them on that basis.

8. To the extent that the allegations of Paragraph 8 set forth legal conclusions, no response is required. Volta admits that VES Canada is a company organized and existing under the laws of Canada. VES Canada's principal place of business is located at located at 625 rue du

Luxembourg, Granby, QC J2J 2V2, Canada, and so the principal place of business identified in Paragraph 8 is denied. Volta further admits that VES Canada is a wholly-owned subsidiary of VES S.A.R.L. Volta denies that VES Canada is directed and controlled by Solus or VES S.A.R.L. The remaining allegations in Paragraph 8 are vague and incomplete and Volta denies them on that basis.

9. Volta admits that VES Europe has offered to sell, sold, and imported standard battery copper foil (BF-PLSP) within the United States, and VES Canada admits it was added as a party to VES Europe's contract with Tesla, Inc. ("Tesla"), agreeing to supply battery copper foil to Tesla, once operational. Volta denies that it has designed or manufactured standard battery copper foil (BF-PLSP), high-elongation battery copper foil (SR-PLSP), and high-strength battery copper foil (HTS-PLSP) (collectively, the "Accused Products") in the United States. Volta admits that VES Hungary has manufactured the Accused Products. The remaining allegations in Paragraph 9 are directed to Defendants that have not designed, manufactured, sold, or offered for sale the Accused Products, or are otherwise vague and incomplete, and Volta denies them on this basis.

10. Volta admits that SKN and VES Europe compete to supply battery copper foils for use in electrical vehicle ("EV") batteries, and that VES Canada was added as a party to a contract with Tesla, agreeing to supply battery copper foil to Tesla, once operational. The remaining allegations in Paragraph 10 are directed to Defendants that do not compete for supplying battery copper foil in the United States, or are otherwise vague and incomplete, and Volta denies them on this basis.

## JURISDICTION AND VENUE

11. Volta admits that this is a purported action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Volta further admits that this Court has subject matter jurisdiction over actions for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations contained in Paragraph 11 of the Second Amended Complaint. The allegations in this paragraph concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

12. To the extent that the allegations of Paragraph 12 set forth legal conclusions, no response is required. Volta does not contest that specific personal jurisdiction is proper in this Court, solely for purposes of this action. Volta denies that it has "conduct[ed] regular business" in the State of Texas, but admits that VES Europe has shipped products to the State of Texas and that representatives from VES Europe and VES Hungary have visited the State of Texas for business purposes. Volta denies that it unlawfully infringes any valid and enforceable claim of the Asserted Patents, directly or indirectly, and denies that SKN is entitled to any relief for its allegations of patent infringement. Except as specifically admitted, and to the extent a response is required, Volta denies the allegations and characterizations contained in Paragraph 12 of the Second Amended Complaint.

13. Volta admits that VES Europe has offered for sale and sold standard battery copper foils (BF-PLSP) to Tesla, and that VES Canada was added as a party to a contract with Tesla, agreeing to supply battery copper foil to Tesla, once operational. Volta denies that the

other Defendants have offered for sale or sold the Accused Products to EV manufacturers, such as Tesla, Inc., located in Texas. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations in Paragraph 13.

14. Volta admits that VES Europe has entered into contracts for standard battery copper foil (BF-PLSP) with Tesla, a U.S. customer. Volta admits that VES Europe has supplied standard battery copper foil (BF-PLSP) to Tesla in Texas, and that VES Canada was added as a party to a contract with Tesla, agreeing to supply battery copper foil to Tesla, once operational. Volta denies that other Defendants have entered into contracts with U.S. customers for the Accused Products. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations in Paragraph 14.

15. Volta admits that page 7 of Exhibit 4 of the Second Amended Complaint includes a title: "[e]xpansion of operational capacity for Battery copper foil" and further states "[c]onsistent pursuits of new and additional supply contracts for North American and EU customers." Volta admits page 7 of Exhibit 1 of the Second Amended Complaint states: "[a]fter the USA IRA announcement, North America demands for EV batteries soared, and thus we must prepare to cope with such changes and conquer the local markets and maintain close relations with customers to gain a competitive edge." Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations in Paragraph 15.

16. To the extent that the allegations of Paragraph 16 set forth legal conclusions, no response is required. Volta admits that Solus is the assignee of certain U.S. patents and patent applications. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations in Paragraph 16.

17. Volta admits that Solus owns certain registered U.S. trademarks and trademark applications, including: SOLUS (Serial No. 90716913), SOLUS ADVANCED MATERIALS (Serial No. 90210109), SOLUS ADVANCED MATERIALS (Serial No. 90510553), VOLTA ENERGY SOLUTIONS (Serial No. 90210117), VOLTA ENERGY SOLUTIONS (Serial No. 90510554), and the Volta Two Triangle Design (Serial No. 90374351). Volta admits that the Solus trademarks SOLUS ADVANCED MATERIALS and VOLTA ENERGY SOLUTIONS cover goods and services related to the Accused Products. The remaining allegations in Paragraph 17 are vague and incomplete, and Volta denies them on this basis.

18. To the extent that the allegations of Paragraph 18 set forth legal conclusions, no response is required. Volta admits that each of the Defendants is a foreign corporation that does not reside in the United States. Except as specifically admitted, and to the extent a response is required, Volta denies the allegations and characterizations in Paragraph 18.

19. To the extent that the allegations of Paragraph 19 set forth legal conclusions, no response is required. Volta further denies that it has committed acts of infringement in this District or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Second Amended Complaint. Volta denies any remaining allegations in Paragraph 19 of the Second Amended Complaint.

## SKN BATTERY COPPER FOIL

20. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Second Amended Complaint, and therefore denies them.

21. Volta admits that battery copper foil is a material currently used in some lithium-ion battery anodes for EVs and serves as a pathway for the electric current and a source to emit

the heat generated by a battery. The remaining allegations in Paragraph 21 are vague and incomplete, and Volta denies them on this basis.

22. Volta admits that thinner copper foil can reduce weight. Volta admits that higher performing batteries can lead to better and longer performance of EVs. Volta lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 22 of the Second Amended Complaint, and therefore denies them.

23. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Second Amended Complaint, and therefore denies them.

24. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Second Amended Complaint, and therefore denies them.

25. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Second Amended Complaint, and therefore denies them.

26. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Second Amended Complaint, and therefore denies them.

## THE ASSERTED PATENTS

27. Volta admits that what appears to be a copy of the ’541 patent, entitled “Copper Foil for Current Collector of Lithium Secondary Battery with Improved Wrinkle Characteristics,” is attached to the Second Amended Complaint as Exhibit 10. Volta admits that the ’541 patent states, on its face, that it was filed on December 20, 2012, that it issued on October 4, 2016, and that the listed inventors are Dae-Young Kim, Byoung-Kwang Lee, and Seung-Jun Choi. Volta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Second Amended Complaint, and therefore denies them.

28. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Second Amended Complaint, and therefore denies them.

29. Volta admits that what appears to be a copy of the ’090 patent, entitled “Electrolytic Copper Foil Current Collector Comprising the Same, Electrode Comprising the Same, Secondary Battery Comprising the Same, and Method for Manufacturing the Same,” is attached to the Second Amended Complaint as Exhibit 5. Volta admits that the ’090 patent states, on its face, that it claims priority to a PCT application filed on April 28, 2016, that it issued on November 19, 2019, and that it lists inventors Dae Young Kim and Seung Min Kim. Volta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Second Amended Complaint, and therefore denies them.

30. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Second Amended Complaint, and therefore denies them.

31. Volta admits that what appears to be a copy of the ’689 patent, entitled “Easily Handleable Electrolytic Copper Foil, Electrode Comprising the Same, Secondary Battery Comprising the Same, and Method for Manufacturing the Same,” is attached to the Second Amended Complaint as Exhibit 6. Volta admits that the ’689 patent states, on its face, that it was filed with the United States Patent and Trademark Office on September 6, 2017, that it issued on October 20, 2020, and that it lists Seung Min Kim as the inventor. Volta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Second Amended Complaint, and therefore denies them.

32. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Second Amended Complaint, and therefore denies them.

33. Volta admits that what appears to be a copy of the '014 patent, entitled "Electrolytic Copper Foil, Method for Producing the Same, and High-Capacity Li Secondary Battery Negative Electrode Including Same," is attached to the Second Amended Complaint as Exhibit 7. Volta admits that the '014 patent states, on its face, that it claims priority to a PCT application filed on August 24, 2018, that it issued on May 31, 2022, and that it lists inventors Seung Min Kim and Ho Gun Kim. Volta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Second Amended Complaint, and therefore denies them.

34. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Second Amended Complaint, and therefore denies them.

35. Volta admits that what appears to be a copy of the '706 patent, entitled "Electrolytic Copper Foil Having Excellent Handling Characteristics in Postprocessing, and Manufacturing Method Therefor," is attached to the Second Amended Complaint as Exhibit 8. Volta admits that the '706 patent states, on its face, that it claims priority to a PCT application filed on January 25, 2019, that it issued on February 28, 2023, and that it lists inventors Seung Min Kim and Shan Hua Jin. Volta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Second Amended Complaint, and therefore denies them.

36. Volta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Second Amended Complaint, and therefore denies them.

37. To the extent that the allegations of Paragraph 37 set forth legal conclusions, no response is required. To the extent a response is required, Volta admits that SKN sent a letter to Solus dated September 27, 2023, generally alleging, without any support, that Solus's battery foil

products were infringing unidentified SKN worldwide patents. Volta denies that the letter dated September 27, 2023, identified the Asserted Patents, or that Defendants “should have . . . had knowledge of the Asserted Patents and their [alleged] infringement . . . .” Except as specifically admitted, and to the extent that a response is required, Volta denies that it infringes any valid and enforceable claim of any SKN patents, and denies the allegations and characterizations in Paragraph 37 of the Second Amended Complaint.

38. Admitted.

## THE ACCUSED PRODUCTS

39. To the extent that the allegations of Paragraph 39 set forth legal conclusions, no response is required. Volta admits that VES Europe has offered to sell, sold, and imported battery copper foils including standard battery copper foil (BF-PLSP) within the United States, that VES Europe has shipped samples of HTS-PLSP and SR-PLSP to the United States, and that VES Canada was added as a party to a contract with Tesla, agreeing to supply battery copper foil to Tesla, once operational. Volta admits that VES Hungary has manufactured the Accused Products, but denies that such manufacture has occurred within the United States. The remaining allegations in Paragraph 39 are directed to Defendants that have not manufactured, imported, sold, or offered for sale the Accused Products, or are otherwise vague and incomplete, and Volta denies them on this basis.

40. Volta admits that Solus was founded in October 2019. Volta admits that VES Hungary manufactured battery copper foils on a commercial scale in 2020. Volta admits that the initial applications that led to each of the asserted patents were filed before 2020. Volta denies that SKN’s patent applications covering battery copper foils are innovative. The allegations in Paragraph 40 directed to other Defendants that do not manufacture battery copper foil are denied.

Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 40.

41. Volta admits that BF-PLSP products manufactured by VES Hungary are used in cylindrical, prismatic, or pouch type EV batteries. Volta admits that some BF-PLSP products manufactured by VES Hungary have a thickness of 6-18 μm. The remaining allegations in Paragraph 41 are directed to Defendants that do not manufacture the Accused Products and are denied on that basis. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 41.

42. Volta admits that some SR-PLSP products manufactured by VES Hungary have a thickness of 6-12 μm and may be used in cylindrical or prismatic type batteries. Volta admits the website https://www.solusadvancedmaterials.com/en/business/b-foil/#anchor-1 states, under SR-PLSP, "Contributing to yield improvement by upgrading processability within the battery production process with high strength properties before heat treatment and increasing the life and stability of cylindrical and square batteries with high elongation properties after heat treatment." Volta denies that this website states that "SR-PLSP" products are capable of "load[ing] much more active materials with high strength properties, contributing to the minimization of deformation at the time of battery charge and discharge by maintaining strength after heat treatment." The remaining allegations in Paragraph 42 are directed to Defendants that do not manufacture the Accused Products and are denied on that basis. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 42.

43. Volta admits that some HTS-PLSP products manufactured by VES Hungary have a thickness of 6-18 μm and are used in pouch type batteries. Volta admits the website

https://www.solusadvancedmaterials.com/en/business/b-foil/#anchor-1 states, under HTS-PLSP, "Possible to load much more active materials with high strength properties, contributing to the minimization of deformation at the time of battery charge and discharge by maintaining after heat treatment." The remaining allegations in Paragraph 43 are directed to Defendants that do not manufacture the Accused Products and are denied on that basis. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 43.

44. Volta admits that VES Hungary manufactures battery copper foil products to individual customer specifications and manufactures a wide range of battery copper foil products. Volta admits that Exhibit 4 of the Second Amended Complaint states on page 6, under "Battery Copper Foil/Copper Foil_Production Capacity Status & Plan": "Manufacture of battery copper foil products to individual customer specifications" and "Manufacture of a wide range of battery copper foil products (e.g., thickness of 8µm or 6µm, high-strength or high-elongation characteristics)." The remaining allegations in Paragraph 44 are directed to Defendants that do not manufacture the Accused Products and are denied on that basis. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 44.

45. Volta admits some 6 µm battery copper foil products manufactured by VES Hungary can wind more than 30 km. The remaining allegations in Paragraph 45 are directed to Defendants that do not manufacture the Accused Products and are denied on that basis. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 45.

46. To the extent that the allegations of Paragraph 46 set forth legal conclusions, no response is required. Volta admits that the website https://www.voltaenergysolutions.com/download/main/3Q%20%EC%86%94%EB%A3%A8%EC%8A%A4%EC%B2%A8%EB%8B%A8%EC%86%8C%EC%9E%AC%20%ED%9A%8C%EC%82%AC%EC%86%8C%EA%B0%9C%EC%84%9C_EN.pdf states: "Enhancing yield by improving machining in battery manufacturing with high-strength battery copper foil before heat treatment." Except as specifically admitted, and to the extent a response is required, Volta denies the remaining allegations and characterizations in Paragraph 46.

47. Volta admits that the Accused Products are developed in Hungary, and that VES Hungary manufactures the Accused Products in Hungary. Volta denies that the Accused Products are manufactured in Korea or Canada. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 47.

48. Volta admits that VES Europe has offered to sell, sold, and imported standard battery copper foils (BF-PLSP) within the United States for incorporation into EV batteries, and that VES Europe has shipped samples of HTS-PLSP and SR-PLSP to the United States. Volta admits that Exhibit 4 of the Second Amended Complaint states on page 6: "Customers" and states "Global top-tier battery manufacturer" and "Global OEM company" under the heading "Battery Copper Foil/Copper Foil_Production Capacity Status & Plan." Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 48.

**DEFENDANTS' MISAPPROPRIATION OF TRADE SECRETS**

49. The allegations in paragraph 49 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

50. The allegations in paragraph 50 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

51. The allegations in paragraph 51 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

52. The allegations in paragraph 52 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

53. The allegations in paragraph 53 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

**The Recipes of Additives and Electrolyte Conditions**

54. The allegations in paragraph 54 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

55. The allegations in paragraph 55 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

56. The allegations in paragraph 56 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

57. The allegations in paragraph 57 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

58. The allegations in paragraph 58 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

59. The allegations in paragraph 59 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

60. The allegations in paragraph 60 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

61. The allegations in paragraph 61 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

62. The allegations in paragraph 62 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

63. The allegations in paragraph 63 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

64. The allegations in paragraph 64 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

65. The allegations in paragraph 65 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

66. The allegations in paragraph 66 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

**Buffing and Polishing Techniques**

67. The allegations in paragraph 67 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

68. The allegations in paragraph 68 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

69. The allegations in paragraph 69 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

70. The allegations in paragraph 70 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

71. The allegations in paragraph 71 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

72. The allegations in paragraph 72 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

73. The allegations in paragraph 73 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

74. The allegations in paragraph 74 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

75. The allegations in paragraph 75 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

76. The allegations in paragraph 76 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

77. The allegations in paragraph 77 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

**COUNT I – '090 PATENT**

78. Volta incorporates by reference its responses to Paragraphs 1-77 of the Second Amended Complaint.

79. Denied.

80. Volta admits that Paragraph 80 of the Second Amended Complaint reproduces the text of claim 1 of the '090 patent.

81. Denied.

82. To the extent that the allegations of Paragraph 82 set forth legal conclusions, no response is required. Volta admits the Accused Products are electrolytic copper foil products for use in secondary batteries such as EV batteries. Volta admits Paragraph 82 appears to include depictions from the website: https://www.solusadvancedmaterials.com/en/business/b-foil/. Volta admits the accused electrolytic copper foil products have two surfaces. Volta denies the remaining allegations in Paragraph 82 of the Second Amended Complaint.

83. To the extent that the allegations of Paragraph 83 set forth legal conclusions, no response is required. Volta admits that the Accused Products have a "drum side" and an "electrolyte side." Volta admits Paragraph 83 appears to include a depiction from the website: https://www.solusadvancedmaterials.com/en/business/b-foil/. Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 83.

84. To the extent that Paragraph 84 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the ’090 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 84 of the Second Amended Complaint.

85. Denied.

86. Denied.

87. Denied.

88. Volta admits that VES Europe has engaged Tesla as a customer for standard battery copper foil (BF-PLSP) meant for incorporation into Tesla products, and that VES Europe has shipped BF-PLSP as well as samples of HTS-PLSP and SR-PLSP to the United States. Volta admits that VES Hungary makes BF-PLSP, HTS-PLSP, and SR-PLSP outside of the United States and that VES Europe sells standard battery copper foil (BF-PLSP) in the United States. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 88 of the Second Amended Complaint.

89. Denied.

90. To the extent that the allegations of Paragraph 90 set forth legal conclusions, no response is required. To the extent a response is required, Volta admits that SKN sent a letter to Solus dated September 27, 2023, generally alleging, without any support, that Solus’s battery foil products were infringing unidentified SKN worldwide patents. Volta denies that the letter dated September 27, 2023, identified the Asserted Patents, or that Defendants “should have known

about the ’090 Patent and their [alleged] infringement . . . .” Volta further admits that the ’090 patent was identified to it in February 2020. Except as specifically admitted, and to the extent that a response is required, Volta denies that it infringes any valid and enforceable claim of any SKN patents, and denies the allegations and characterizations in Paragraph 90 of the Second Amended Complaint.

91. Denied.

**COUNT II – ’689 PATENT**

92. Volta incorporates by reference its responses to Paragraphs 1-91 of the Second Amended Complaint.

93. Denied.

94. Volta admits that Paragraph 94 of the Second Amended Complaint reproduces the text of claim 1 of the ’689 patent.

95. Denied.

96. To the extent that the allegations of Paragraph 96 set forth legal conclusions, no response is required. Volta admits the Accused Products are electrolytic copper foil products for use in secondary batteries such as EV batteries. Volta admits Paragraph 96 appears to include depictions from the website: https://www.solusadvancedmaterials.com/en/business/b-foil/. Volta admits the accused electrolytic copper foil products have two surfaces. Volta denies the remaining allegations in Paragraph 96 of the Second Amended Complaint.

97. To the extent that the allegations of Paragraph 97 set forth legal conclusions, no response is required. Volta admits Paragraph 97 appears to include a depiction from the website: https://www.solusadvancedmaterials.com/en/business/b-foil/. Volta admits that the Accused Products have a “drum side” and an “electrolyte side.” Except as specifically admitted, and to

the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 97.

98. To the extent that Paragraph 98 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the ’689 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 98 of the Second Amended Complaint.

99. To the extent that Paragraph 99 of the Second Amended Complaint implicates legal conclusions, no response is required. Volta admits Paragraph 99 appears to include a depiction from the website: https://www.solusadvancedmaterials.com/download/main/%EC%86%94%EB%A3%A8%EC%8A%A4%EC%B2%A8%EB%8B%A8%EC%86%8C%EC%9E%AC_%EB%A6%AC%EB%89%B4%EC%96%BC_%ED%9A%8C%EC%82%AC%EC%86%8C%EA%B0%9C%EC%84%9C_%EC%98%81%EB%AC%B8.pdf. To the extent that any further response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the ’689 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 99 of the Second Amended Complaint.

100. To the extent that Paragraph 100 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the ’689 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to

the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 100 of the Second Amended Complaint.

101. To the extent that Paragraph 101 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the ’689 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 101 of the Second Amended Complaint.

102. Denied.

103. Denied.

104. Denied.

105. Volta admits that VES Europe has engaged Tesla as a customer for standard battery copper foil (BF-PLSP) meant for incorporation into Tesla products, and that VES Europe has shipped BF-PLSP as well as samples of HTS-PLSP and SR-PLSP to the United States. Volta admits that VES Hungary makes BF-PLSP, HTS-PLSP, and SR-PLSP outside of the United States, and that VES Europe sells standard battery copper foil (BF-PLSP) in the United States. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 105 of the Second Amended Complaint.

106. Denied.

107. To the extent that the allegations of Paragraph 107 set forth legal conclusions, no response is required. To the extent a response is required, Volta admits that SKN sent a letter to Solus dated September 27, 2023, generally alleging, without any support, that Solus’s battery foil

products were infringing unidentified SKN worldwide patents. Volta denies that the letter dated September 27, 2023, identified the Asserted Patents, or that Defendants "should have known about the '689 Patent and their [alleged] infringement . . . ." Volta further admits that the published patent application corresponding to the '689 patent was identified to it in February 2020. Except as specifically admitted, and to the extent that a response is required, Volta denies that it infringes any valid and enforceable claim of any SKN patents, and denies the allegations and characterizations in Paragraph 107 of the Second Amended Complaint.

108. Denied.

**COUNT III – '014 PATENT**

109. Volta incorporates by reference its responses to Paragraphs 1-108 of the Second Amended Complaint.

110. Denied.

111. Volta admits that Paragraph 111 of the Second Amended Complaint reproduces the text of claim 1 of the '014 patent.

112. Denied.

113. To the extent that the allegations of Paragraph 113 set forth legal conclusions, no response is required. Volta admits the Accused Products are electrolytic copper foil products for use in secondary batteries such as EV batteries. Volta admits Paragraph 113 appears to include depictions from the website: https://www.solusadvancedmaterials.com/en/business/b-foil/. Volta admits the accused electrolytic copper foil products have two surfaces. Volta denies the remaining allegations in Paragraph 113 of the Second Amended Complaint.

114. To the extent that the allegations of Paragraph 114 set forth legal conclusions, no response is required. Volta admits Paragraph 114 appears to include includes a depiction from

the website: https://www.solusadvancedmaterials.com/en/business/b-foil/. Volta admits that the Accused Products have a "drum side" and an "electrolyte side." Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 114.

115. To the extent that Paragraph 115 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the '014 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 115 of the Second Amended Complaint.

116. Denied.

117. Denied.

118. Denied.

119. Volta admits that VES Europe has engaged Tesla as a customer for standard battery copper foil (BF-PLSP) meant for incorporation into Tesla products, and that VES Europe has shipped BF-PLSP as well as samples of HTS-PLSP and SR-PLSP to the United States. Volta admits that VES Hungary makes BF-PLSP, HTS-PLSP, and SR-PLSP outside the United States and that VES Europe sells standard battery copper foil (BF-PLSP) in the United States. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 119 of the Second Amended Complaint.

120. Denied.

121. To the extent that the allegations of Paragraph 121 set forth legal conclusions, no response is required. To the extent a response is required, Volta admits that SKN sent a letter to

Solus dated September 27, 2023, generally alleging, without any support, that Solus's battery foil products were infringing unidentified SKN worldwide patents. Volta denies that the letter dated September 27, 2023, identified the Asserted Patents, or that Defendants "should have known about the '014 Patent and their [alleged] infringement . . . ." Except as specifically admitted, and to the extent that a response is required, Volta denies that it infringes any valid and enforceable claim of any SKN patents, and denies the allegations and characterizations in Paragraph 121 of the Second Amended Complaint.

122. Denied.

**COUNT IV – '706 PATENT**

123. Volta incorporates by reference its responses to Paragraphs 1-122 of the Second Amended Complaint.

124. Denied.

125. Volta admits that Paragraph 125 of the Second Amended Complaint reproduces the text of claim 1 of the '706 patent.

126. Denied.

127. To the extent that the allegations of Paragraph 127 set forth legal conclusions, no response is required. Volta admits the Accused Products are electrolytic copper foil products for use in secondary batteries such as EV batteries. Volta admits Paragraph 127 appears to include depictions from the website: https://www.solusadvancedmaterials.com/en/business/b-foil/. Volta admits the accused electrolytic copper foil products have two surfaces. Volta denies the remaining allegations in Paragraph 127 of the Second Amended Complaint.

128. To the extent that the allegations of Paragraph 128 set forth legal conclusions, no response is required. Volta admits Paragraph 128 appears to include includes a depiction from

the website: https://www.solusadvancedmaterials.com/en/business/b-foil/. Volta admits that the Accused Products have a "drum side" and an "electrolyte side." Except as specifically admitted, and to the extent a response is required, Volta denies any remaining allegations and characterizations in Paragraph 128.

129. To the extent that Paragraph 129 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the '706 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 129 of the Second Amended Complaint.

130. To the extent that Paragraph 130 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the '706 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 130 of the Second Amended Complaint.

131. To the extent that Paragraph 131 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the '706 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 131 of the Second Amended Complaint.

132. Denied.

133. Denied.

134. Denied.

135. Volta admits that VES Europe has engaged Tesla as a customer for standard battery copper foil (BF-PLSP) meant for incorporation into Tesla products, and that VES Europe has shipped BF-PLSP as well as samples of HTS-PLSP and SR-PLSP to the United States. Volta admits that VES Hungary makes BF-PLSP, HTS-PLSP, and SR-PLSP outside the United States and that VES Europe sells standard battery copper foil (BF-PLSP) in the United States. Volta admits that VES Europe sells standard battery copper foil (BF-PLSP) in the United States. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 135 of the Second Amended Complaint.

136. Denied.

137. To the extent that the allegations of Paragraph 137 set forth legal conclusions, no response is required. To the extent a response is required, Volta admits that SKN sent a letter to Solus dated September 27, 2023, generally alleging, without any support, that Solus's battery foil products were infringing unidentified SKN worldwide patents. Volta denies that the letter dated September 27, 2023, identified the Asserted Patents, or that Defendants "should have known about the '706 Patent and their [alleged] infringement . . . ." Except as specifically admitted, and to the extent that a response is required, Volta denies that it infringes any valid and enforceable claim of any SKN patents, and denies the allegations and characterizations in Paragraph 137 of the Second Amended Complaint.

138. Denied.

**COUNT V – ’541 PATENT**

139. Volta incorporates by reference its responses to Paragraphs 1-138 of the Second Amended Complaint.

140. Denied.

141. Volta admits that Paragraph 141 of the Second Amended Complaint reproduces the text of claim 1 of the ’541 patent.

142. Denied.

143. To the extent that the allegations of Paragraph 143 set forth legal conclusions, no response is required. Volta admits the BF-PLSP and SR-PLSP products are electrolytic copper foil products for use in secondary batteries such as EV batteries. Volta denies any remaining allegations in Paragraph 143 of the Second Amended Complaint.

144. To the extent that Paragraph 144 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the ’541 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 144 of the Second Amended Complaint.

145. To the extent that Paragraph 145 of the Second Amended Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the ’541 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 145 of the Second Amended Complaint.

146. To the extent that Paragraph 146 of the Second Amended Complaint implicates legal conclusions, no response is required. Volta admits Paragraph 146 appears to include a depiction from the website: https://www.solusadvancedmaterials.com/download/main/%EC%86%94%EB%A3%A8%EC%8A%A4%EC%B2%A8%EB%8B%A8%EC%86%8C%EC%9E%AC_%EB%A6%AC%EB%89%B4%EC%96%BC_%ED%9A%8C%EC%82%AC%EC%86%8C%EA%B0%9C%EC%84%9C_%EC%98%81%EB%AC%B8.pdf. To the extent that any further response is required, Volta denies that it infringes or has infringed any valid and enforceable claim of the '541 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 146 of the Second Amended Complaint.

147. Denied.

148. Denied.

149. Denied.

150. Volta admits that VES Europe has engaged Tesla as a customer for standard battery copper foil (BF-PLSP) meant for incorporation into Tesla products, and that VES Europe has shipped BF-PLSP as well as samples of HTS-PLSP and SR-PLSP to the United States. Volta admits that VES Hungary makes BF-PLSP, HTS-PLSP, and SR-PLSP outside the United States and that VES Europe sells standard battery copper foil (BF-PLSP) in the United States. Except as specifically admitted and to the extent that a response is required, Volta denies the allegations and characterizations contained in Paragraph 150 of the Second Amended Complaint.

151. Denied.

152. To the extent that the allegations of Paragraph 152 set forth legal conclusions, no response is required. To the extent a response is required, Volta admits that SKN sent a letter to Solus dated September 27, 2023, generally alleging, without any support, that Solus's battery foil products were infringing unidentified SKN worldwide patents. Volta denies that the letter dated September 27, 2023, identified the Asserted Patents, or that Defendants "should have known about the '541 Patent and their [alleged] infringement . . . ." Except as specifically admitted, and to the extent that a response is required, Volta denies that it infringes any valid and enforceable claim of any SKN patents, and denies the allegations and characterizations in Paragraph 152 of the Second Amended Complaint.

153. Denied.

**COUNT VI – [ALLEGED] MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT**

154. The allegations in paragraph 154 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

155. The allegations in paragraph 155 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

156. The allegations in paragraph 156 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

157. The allegations in paragraph 157 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

158. The allegations in paragraph 158 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

159. The allegations in paragraph 159 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

160. The allegations in paragraph 160 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

161. The allegations in paragraph 161 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

162. The allegations in paragraph 162 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

163. The allegations in paragraph 163 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

164. The allegations in paragraph 164 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

165. The allegations in paragraph 165 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

**COUNT VII – [ALLEGED] MISAPPROPRIATION OF TRADE SECRETS UNDER THE TEXAS UNIFORM TRADE SECRETS ACT**

166. The allegations in paragraph 166 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

167. The allegations in paragraph 167 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

168. The allegations in paragraph 168 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

169. The allegations in paragraph 169 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

170. The allegations in paragraph 170 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

171. The allegations in paragraph 171 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

172. The allegations in paragraph 172 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

173. The allegations in paragraph 173 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

174. The allegations in paragraph 174 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

175. The allegations in paragraph 175 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

176. The allegations in paragraph 176 concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required in this patent case.

## [SKN'S] PRAYER FOR RELIEF

177. Volta denies the underlying allegations of SKN's Prayer for Relief against Volta, denies that SKN is entitled to any relief whatsoever, and requests that the Court denies all relief to SKN, enter judgment in favor of Volta, and award Volta its attorney's fees as the prevailing party in the action.

## DEMAND FOR JURY TRIAL

178. This Paragraph sets forth SKN's demand for a jury trial to which no response is required.

## GENERAL DENIAL

179. To the extent that any allegations of the Second Amended Complaint have not been previously specifically admitted or denied, Volta denies them.

180. All allegations concerning trade secret misappropriation have been severed to *SK nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, No. 2:25-cv-01096-JRG-RSP, and therefore no response is required to such allegations. To the extent a response is required to such allegations, Volta denies them.

## VOLTA'S ADDITIONAL DEFENSES

181. Pursuant to Federal Rule of Civil Procedure 8(c), Volta, without waiver, limitation or prejudice, hereby asserts the additional defenses listed below. Volta reserves the right to amend this Answer to add additional defenses. The assertion of a defense is not a concession that Volta has the burden of proving the matter asserted.

### FIRST ADDITIONAL DEFENSE
**(Noninfringement)**

182. Volta does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### SECOND ADDITIONAL DEFENSE
**(Invalidity)**

183. Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

For example, the ’090 patent, ’689 patent, and ’014 patents are invalid in view of at least U.S. Patent Publication No. 2013/0108922, the ’706 patent is invalid in view of at least U.S. Patent No. 9,562,298, and the ’541 patent is invalid in view of at least U.S. Patent No. 8,715,836. Additionally, the Samsung Galaxy SII, Samsung Galaxy Tab 3, Apple iPhone 1, Apple iPad 4, and CFL Foils are system prior art rendering one or more of the Asserted Patents invalid.

## THIRD ADDITIONAL DEFENSE
## (No Irreparable Harm)

184. SKN is not entitled to injunctive relief because any injury to it is not irreparable and can be adequately compensated by monetary damages, and it has an adequate remedy at law for any claims it can prove, the balance of hardships do not tip in its favor, and the public interest would be disserved by an injunction.

## FOURTH ADDITIONAL DEFENSE
## (Inequitable Conduct and Unclean Hands)

185. The ’706 patent is unenforceable by reason of inequitable conduct, and/or unclean hands and fraud committed on the United States Patent & Trademark Office (“PTO”). Under 37 C.F.R. § 1.56(a), “[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section.” Further, “no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct.” *Id.*

186. With respect to the application that matured into the ’706 patent, the following individuals had a duty of candor and good faith in dealing with the PTO: named inventors Dae Young Kim and Seung Min Kim, each attorney or agent who prepared or prosecuted the

application, and every other person who was substantively involved in the preparation or prosecution of the application and who was associated with the inventors, the applicant, an assignee, and anyone to whom there was an obligation to assign the application (collectively, the "'706 Applicants").

187. The '706 patent matured from U.S. Application No. 16/959,352 (the "'352 Application"). The '352 Application entered the U.S. national stage under § 371(c) on June 30, 2020 based on PCT/KR2019/001069, which was filed on January 19, 2019, and claims priority to Korean Application No. 10-2018-0012179, filed on January 31, 2018. On its face, the '352 Application named inventors are Seung Min Kim and Shan Hua Jin.

188. The '706 Applicants did not disclose Korean Patent Application Publication No. 10-2017-0000761 ("KR '761") to the PTO during prosecution of '352 Application.

189. KR '761 is prior art to the '706 patent. KR '761 published on January 3, 2017. The '706 patent's earliest claimed priority date is January 31, 2018.

190. KR '761 is material to the patentability of the claims of the '706 patent. KR '761 describes an electrolytic copper foil for a secondary battery. KR '761 further discloses electrolytic copper foils with differences in peak counts between their first and second surfaces, in addition to disclosing electrolytic copper foils with a tensile of 30 to 60 kgf/mm2 and thickness of 3 to 20 μm.

191. Upon information and belief, one or more of the '706 Applicants had knowledge of KR '761 during prosecution of the application for the '706 patent. Upon information and belief, KR '761 and the '352 Application were commonly owned by KCF Technologies Co., Ltd. when the '352 Application entered the U.S. national stage on June 30, 2020.

192. Matthew S. Dicke is a registered patent agent and had knowledge of KR ’761 during prosecution of the ’352 Application. KR ’761 is related to the ’090 patent and Mr. Dicke was involved in prosecuting both the ’352 Application and the application that matured into the ’090 patent. Mr. Dicke was involved in prosecuting the ’352 Application. For example, Mr. Dicke signed a Request for Examiner on October 5, 2022, a response to an Office Action on July 5, 2022, in addition to other communications on behalf of the applicant for the ’706 patent. Mr. Dicke was also involved in prosecuting the ’090 patent. For example, Mr. Dicke signed a response to an Office Action dated April 8, 2019, a response to a restriction requirement dated December 17, 2018, in addition to other communications on behalf of the applicant for the ’090 patent.

193. KR ’761 and the ’706 patent both include Seung Min Kim as a named inventor. Seung Min Kim also had a duty to disclose KR ’761 during prosecution of the ’706 patent.

194. Upon information and belief, one or more of the ’706 Applicants failed to disclose KR ’761 with intent to deceive the U.S. Patent and Trademark Office.

195. By failing to disclose KR ’761 during prosecution of the ’352 Application—which issued as the ’706 patent—the ’706 patent is unenforceable based on inequitable conduct and unclean hands.

**FIFTH ADDITIONAL DEFENSE**
**(Prosecution History Estoppel)**

196. SKN’s claims are barred by the doctrine of prosecution history estoppel and/or disclaimer based on amendments, statements, representations, and admissions made during prosecution and/or reexamination of the patent applications resulting in the Asserted Patents. Although SKN alleges infringement under the doctrine of equivalents, prosecution history estoppel bars SKN from asserting the doctrine of equivalents. For example, SKN amended claim

1 of the ’541 patent by adding “so as to prevent the generation of wrinkles at a surface of the copper foil” to overcome a rejection based on the prior art. Additional examples exist for other Asserted Patents. Thus, prosecution history estoppel precludes SKN from asserting that certain claim limitations asserted are infringed under the doctrine of equivalents. To the extent SKN is permitted to provide more detailed infringement theories asserting the doctrine of equivalents for this or other limitations of the asserted claims, Volta reserves the right to respond with more detailed prosecution history estoppel allegations.

**SIXTH ADDITIONAL DEFENSE**
**(Notice, Damages, and Costs)**

197. Upon information and belief, SKN’s claims for damages are statutorily limited under 35 U.S.C. § 287. SKN is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**SEVENTH ADDITIONAL DEFENSE**
**(Not an Exceptional Case)**

198. SKN is not entitled to a finding that this case is exceptional against Defendants, warranting attorneys’ fees under 35 U.S.C. § 285, or pursuant to the Court’s inherent power.

**EIGHTH ADDITIONAL DEFENSE**
**(No Willful Infringement)**

199. SKN’s claims for enhanced damages, if any, and an award of fees and costs against Volta have no basis in fact or law and should be denied.

**RESERVATION OF ADDITIONAL DEFENSES**

200. Volta hereby gives notice that it intends to rely upon any other matter constituting an avoidance or defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## JURY DEMAND

201. Volta demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

202. WHEREFORE, Volta prays for relief as follows:

A. Judgment against SKN in favor of Volta in all respects;

B. Dismissal of the Second Amended Complaint with prejudice;

C. An order barring SKN and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them from asserting infringement or instituting or continuing any legal action for infringement of the Asserted Patents against Volta or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;

D. An award of expenses, costs, and disbursement in this action, including prejudgment interest;

E. An order declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Volta its expenses, costs, attorneys' fees, and expert witness fees, in accordance with 35 U.S.C. § 285, Rule 54(d) of the Federal Rules of Civil Procedure, and all other applicable statutes, rules, and common law; and

F. Such other and additional relief as this Court may deem just and proper.

Dated: November 26, 2025

Respectfully submitted,

*/s/ Daniel A. Tishman*

Michael J. McKeon (DC Bar No. 459780)
Lauren A. Degnan (DC Bar No. 452421)
Ralph A. Phillips (DC Bar No. 475571)
Daniel A. Tishman (DC Bar No. 1013923)

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670

Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Andrew Thompson ("Tom") Gorham
(TX Bar No. 24012715 )
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: tom@gillamsmithlaw.com

Bryan J. Cannon (DC Bar No. 1723657)
Brendan F. McLaughlin (DC Bar No. 1671658)
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
Email: mckeon@fr.com, degnan@fr.com, rphillips@fr.com, tishman@fr.com, cannon@fr.com, bmclaughlin@fr.com

*Attorneys for Defendants Solus Advanced Materials Co., Ltd., Volta Energy Solutions Canada Inc., Volta Energy Solutions Europe KFT, Volta Energy Solutions Hungary KFT, Volta Energy Solutions S.A.R.L.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 26, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Daniel A. Tishman*